Okey, C. J.
In 1878, the commissioners of Ashtabula county, in pursuance of proper proceedings for the purpose, made an order for the establishment and construction of a county road in that county, which county road crosses the track of the plaintiff in error, the Lake Shore and Michigan Southern Railway Company, on a level, and a further order was made awarding damages to the railway company, from which order the company appealed to the probate court. In that court the question was whether the company was entitled to compensation for making and maintaining two cattle-guards across its track, one on each side of the county road. The probate court excluded evidence tending to show the cost to the company in furnishing material and constructing such guards, and also the cost of maintaining the same, and the company excepted. On petition in error the court of common pleas reversed the judgment of the probate court for excluding such evidence, the district court reversed the judgment of the court of common pleas and affirmed that of the probate court, and this petition in error is prosecuted by the company to reverse the judgment of the district court.
The proceeding for the establishment of this county road and the assessment of damages to the owners of lands injured by the establishment of the road, and the trial in the probate court, were regulated by the act of 1853 (2 S. & G. 1289), as amended (S. & S. 671; 66 Ohio L..68; 68 Ohio.L. Ill, § 10; 69 Ohio L. 1S6), which, no doubt, in a proper case, extended the right to damages as well to a corporation as to a natural person. See Rev. Stats. § 4699 et seq.
The Lake Shore and Michigan Southern Railway Company is a corporation having a line of railway in Ashtabula and other counties of this state, and exercising its powers subject to the provisions of the present constitution and the laws relating to or affecting railways enacted in pursuance of the constitution.
Among the provisions of the constitution are the following : “No special privileges or immunities shall ever be granted that may not be altered, revoked or repealed by the general assembly.” Art. 1, § 2. “Corporations may be formed; *152 under general laws, but all such laws may, from time to time, be altered or repealed. Art. 13, § 2.
The act of 1871 (71 Ohio L. 85), which remained in force until 1880, when it was re-enacted in substantially the same form (Rev. Stats. § 3324), provided as follows; “ That any railroad company, or other party having control or management of a railroad, the whole or a part of-which is now or shall be in this state, is hereby required, at their own expense, ... to make and maintain safe and sufficient crossings of good width, at every point where any public road, street, lane or highway may cross said railroad, that is or may be used by the public, with the necessary cattle-guards on each side of said crossings, to prevent cattle or other domestic animals from endangering themselves and the lives of passengers by getting upon such railroads; and every such railroad company or party shall be liable for all damages sustained in person or property in any manner by reason of the want or insufficiency of any such . . . crossing or cattle-guard, or any carelessness or neglect of said company, their agent or agents, in constructing .or keeping the same in repair.”
The provision that the company shall construct and maintain the cattle-guards at its own expense, is too plain for construction, and, looking to the whole act, manifestly applies to roads thereafter as well as to roads theretofore constructed; and with respect to companies organized, as this is, under our present constitution, the validity of such a provision is no longer subject to doubt or question. Railroad companies are clothed by the state with important powers and privileges. They employ locomotives, which pass along their roads with great force and rapidity, and this necessarily, to some extent, places the pei’sons and property of others in peril. Hence, the requirement that companies shall furnish and maintain such cattle-guards is not to be regarded in any just sense as an invasion of their property rights, but a burden justly imposed for the public convenience and welfare. Rairoad Co. v. Railroad Co., 30 Ohio St. 604; Pennsylvania Co. v. Wentz, 37 Ohio St. 333, 338; Bulkley v. Railroad Co., 27 Conn. 479; Pierce on Rail. (ed. of 1881) 456 et seg. Plaintiffs in *153 error rely on Railway Co. v. Bloomington, 76 Ill. 447, as opposed to this view. See also Morris Canal, &c. v. The State, 24 N. J. L. 62. But it does not appear that the constitution of Illinois or New Jersey, existing when the questions arose, contained any such provisions as those above quoted.

Judgment affirmed.